UNITED STATES DISTRICT COURT       **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-585-DMG (PVCx)** | Date | March 1, 2021 |

| | | | |
|---|---|---|---|
| Title | ***Kip Theno v. Abbot Laboratories, et al.*** | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTIONS TO DISMISS [16] [17] [19]**

**I.
INTRODUCTION**

This is the second time this case has been removed to federal court.  The first time, the Court remanded the action back to state court, rejecting Defendants' argument that the parties were diverse of citizenship because Defendant Jessica Cline had been fraudulently joined.  *Kip Theno v. Abbott Laboratories, et al.*, No. CV 20-4765-DMG (PVCx), July 15, 2020 Order ("First Remand Order").  On January 21, 2021, Defendants removed again, reasserting their argument that the Court has subject matter jurisdiction because Kline, the only Defendant who is a California citizen,[1] is a sham defendant.  *See* Notice of Removal ("NOR") [Doc. # 1].

On February 1, 2021, Plaintiff filed a motion to remand ("MTR").  [Doc. # 19.]  The motion is fully briefed.  [Doc. # 23, 25.]  Because the Court **GRANTS** the MTR for the reasons discussed below, it **DENIES** Defendants' Keith Boettiger, Frank Fernandez, and Cline's motions to dismiss [Doc. ## 16-17] as moot.

**II.
DISCUSSION[2]**

The only material difference between this removal and the first one is that in the intervening time, Plaintiff's deposition has been taken.  Indeed, Defendants' second removal

---

[1] Plaintiff Kip Theno is also a citizen of California, NOR at ¶ 19, meaning if Kline were a proper defendant, complete diversity of citizenship would not exist and the Court would not have subject matter jurisdiction under 28 U.S.C. section 1332.

[2] The facts alleged in this case, as well as the legal standards for subject matter jurisdiction and removal based on fraudulent joinder, are detailed in the First Remand Order and need not be repeated here.

---

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-585-DMG (PVCx)** | | Date | March 1, 2021 |
|---|---|---|---|---|

| Title | ***Kip Theno v. Abbot Laboratories, et al.*** | | Page | 2 of 4 |
|---|---|---|---|---|

necessarily must rely on the deposition; otherwise, it would not be timely. *See* 28 U.S.C. § 1446 (requiring removal within 30 days after receipt of "other paper" indicating the case is removable). Defendants argue him invasions made by Plaintiff in his deposition "conclusively establish that Theno cannot support a cause of action against Cline for either defamation or [intentional infliction of emotional distress ("IIED")]." NOR at ¶ 11.

Defendants vastly overstate the significance of Plaintiff's deposition testimony. His testimony largely parallels the allegations that the Court considered in its First Remand Order. Namely, Plaintiff testified that he believed Cline was assigned to be his assistant shortly after he raised concerns about HIPAA violations; that he believed Cline "was a spy for [Defendant Boettiger];" that she asked him invasive questions about his communications with HR and about his remedial Performance Improvement Plan ("PIP") and reported their conversations back to Boettiger; and that she told him he should look for another job and that his position had already been backfilled (a statement she later recanted). Mitchell Decl. ¶ 38, Ex. L [Doc. # 19-1] ("Theno Depo.") at 51:25-52:10, 59:21-60:11, 61:9-18, 62:3-8, 68:5-69:24. *Compare* First Remand Order at 2 (describing essentially the same narrative). Plaintiff also testified that this conduct was "all way out of scope, way out of bounds." Theno Depo. at 68:22. In the First Remand Order, the Court declined to say whether these allegations, which either were already alleged in the Complaint or could be alleged upon an amendment, conclusively failed to state a claim for IIED. *See* First Remand Order at 8 ("Here, it is not the court's job when reviewing a motion to remand to conduct a 'searching inquiry into the merits of the plaintiff's case.'") (quoting *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548-49 (9th Cir. 2018)).

Defendants point out that Plaintiff testified to asserting some allegations only upon belief, and not based on personal knowledge. NOR ¶ 33, Opp. at 14-15.[3] But this does not *conclusively* mean that he cannot establish a claim—it just means he must proffer evidence beyond his personal knowledge to substantiate these allegations. Of course, that is what discovery is for. Significantly, Plaintiff has not had the opportunity to depose Cline, Boettiger, or Fernandez and has received very little written discovery. Mitchell Decl. ¶¶ 15-16. Essentially, Defendants are asking the Court to conduct a one-sided summary judgment-analysis on a motion to remand based on a single deposition of the opposing party,[4] when they have produced practically no discovery themselves.

---

[3] All page references herein are to the page numbers inserted by the CM/ECF system.

[4] It was an unfinished deposition, no less. *See* Theno Depo. at 184:6-9 ("And so with that, I'm going to suspend the deposition for the day. Obviously I'm not completing the deposition. I anticipate we'll probably have two more days. But I'm totally fine with ending it for today.").

UNITED STATES DISTRICT COURT       **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-585-DMG (PVCx)** | Date | March 1, 2021 |
|---|---|---|---|

| Title | ***Kip Theno v. Abbot Laboratories, et al.*** | Page | 3 of 4 |
|---|---|---|---|

Defendants also argue that the Court, in its First Remand Order, held that Plaintiff's claims against Cline only survived because Plaintiff hypothetically could allege new facts beyond his Complaint *and* beyond his declaration provided in support of his motion, and that the facts alleged in the Complaint and in the declaration combined were insufficient. Opp. at 13. Under this theory, Plaintiff's failure to come up with additional allegations in his deposition is fatal. But the premise is incorrect. The Court would not have granted remand on the conjecture that some unspoken, unanticipated allegations could later surface. Such a standard would swallow the fraudulent joinder rule entirely in every case. The Court ruled that the combined allegations *were* enough to establish at least "a *possibility* that a state court would find that the [proposed amended] complaint states a cause of action." *Grancare*, 889 F.3d at 548. *See* First Remand Order at 6-8. The Court found that given the allegations in the Complaint *and* in the declaration, in light of the "heavily fact intensive inquiry" that Plaintiff's claims necessitated, it could not say that there was no possibility of stating a cause of action for IIED. First Remand Order at 6. To be sure, the Court expressed no opinion in its First Remand Order on whether the combined allegations would survive a demurrer in state court, and it does not do so now. But it is clear at the very least that the claim is not a sham.

In any event, Plaintiff provided Defendants with his proposed First Amended Complaint ("FAC") in November 2020, and filed a Motion for Leave to Amend in state court shortly thereafter. Mitchell Decl. ¶¶ 22-25, Ex. D. Even if Defendants' interpretation of the First Remand Order were correct, by November 2020 they knew what additional allegations Plaintiff was prepared to allege. At this point, they knew that Plaintiff's proposed amendment essentially only restated what was in his prior declaration. Defendants' failure to remove within 30 days of receipt of the FAC makes the current removal untimely. Plaintiff's deposition merely confirmed what was in his FAC.

Plaintiff also requests an award of fees and costs incurred as a result of the instant removal. MTR at 29-30. He made a similar request after the first removal, which the Court denied because Defendants' first removal, while improper, was not "objectively unreasonable." First Remand Order at 9. The same cannot be said now, when Defendants attempt a second bite at the apple with the same arguments, based on the bizarre theory that Plaintiff's failure to personally prove his case or provide more allegations in his deposition somehow materially changes the situation.

Even more troubling, Defendants' second removal completely derailed the case just as it was beginning to meaningfully advance, after six months in state court. Defendants removed— without meeting and conferring—*the day before* they had previously agreed to provide court-ordered discovery responses. Mitchell Decl. ¶ 19. Fernandez's motion to quash service was to

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT          **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-585-DMG (PVCx)** | Date | March 1, 2021 |
|---|---|---|---|

| Title | ***Kip Theno v. Abbot Laboratories, et al.*** | Page | 4 of 4 |
|---|---|---|---|

be heard on February 11, just three weeks after Defendants removed. *See* NOR, Ex. C at 139 [Doc. # 1-4]. Boettiger's similar motion was to be heard on March 5, and Cline's demurrer on March 8. *Id.* at 169, 214. All of these impending dates and deadlines will now have to be reset. Instead of complying with the state court's discovery order, Defendants ambushed Plaintiff by removing to federal court and forcing him to respond to their motions for a third time in yet another forum. At worst, Defendants' second removal was a bad faith delaying tactic, meant to further stall their responses to discovery and to drive up Plaintiff's costs. At best, it amounts to unreasonable forum shopping in the face of a prior similar remand order. Therefore, Plaintiff's request for $11,656.50 in fees incurred as a result of Defendants' second removal is **GRANTED**.

### III.
### CONCLUSION

In light of the foregoing, Plaintiff's MTR is **GRANTED**. Plaintiff's request for $11,656.50 in fees is also **GRANTED**. This case is **REMANDED** to the Los Angeles Superior Court. Fernandez, Boettiger, and Cline's MTDs are **DENIED** as moot. The March 5, 2021 hearing is **VACATED**.

**IT IS SO ORDERED**.